UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VAATAUSILI MARK ALAIMALO, | ) | 1:05-CV-00300 REC SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO SUPPLEMENT PETITION |
| v. | ) | |
| | ) | [Doc. #13] |
| PAUL SCHULTZ, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 1, 2005, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on April 7, 2005, the Court issued an order directing Respondent to file a response to the petition. On May 24, 2005, Petitioner filed a motion for an extension of time to supplement his petition. On June 1, 2005, the Court denied Petitioner's motion for an extension of time finding no good cause to allow Petitioner to amend the petition to include two additional claims. On June 16, 2005, Petitioner filed a supplement despite the Court's ruling. Petitioner requests that the petitioner be amended to include his new claims.

**DISCUSSION**

As discussed in the Court's order dated June 1, 2005, the Court issued an order directing Respondent to respond to the petition pending before the Court in which Petitioner challenges his 1997 convictions for drug possession and trafficking. In his petition, Petitioner contends his convictions are invalid because his conduct of transporting drugs on a nonstop flight from California to Guam did not constitute importation within the meaning of 21 U.S.C. § 952(a).

In his motion for extension of time dated May 24, 2005, and the instant motion to supplement the petition, Petitioner seeks to supplement the petition to include two additional claims. In one claim, Petitioner challenges his prior misdemeanor convictions. In the second claim, Petitioner contends he received ineffective assistance of counsel with regard to an alleged illegal search by the police. As already discussed in the order dated June 1, 2005, Petitioner's motion must be denied because the additional claims cannot be brought in this action.  The instant petition concerns Petitioner's 1997 convictions; challenges to prior convictions must be brought in a separate petition. Insofar as Petitioner wishes to challenge his prior convictions as they enhanced his current federal sentence, Petitioner may not do so. Daniels v. United States, 532 U.S. 374 (2001) ("[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255.") With respect to the issue of ineffective assistance of counsel, the claim cannot pass through the savings clause. Petitioner has not shown that "the remedy by motion [under § 2255] is inadequate or ineffective to test the validity of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003) (quoting § 2255).  In this claim, Petitioner does not contend that he is innocent of the crime for which he has been convicted; rather, he claims his attorneys were ineffective in failing to raise an evidentiary issue, to wit, that law enforcement made false statements while conducting a search.  In addition, Petitioner has not shown that he has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing* Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  Therefore, with respect to these additional claims, Petitioner fails to demonstrate the § 2255 forum to be inadequate

1  or ineffective.

2       Accordingly, Petitioner's motion to supplement the petition is DENIED.

3

4  IT IS SO ORDERED.

5  **Dated:    July 6, 2005**                               **/s/ Sandra M. Snyder**
   icido3                                        UNITED STATES MAGISTRATE JUDGE