# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAATAUSILI MARK ALAIMALO, ) | 1:05-CV-0300 REC SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| ) | |
| PAUL SCHULTZ, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court for the District of Guam entered on October 8, 1997, following his conviction on the following counts: 1) Two counts of importing methamphetamine into Guam from the United States mainland; 2) One count of attempting to import methamphetamine; and 3) Three counts of possession of

---

[1] This information was derived from the petition for writ of habeas corpus and Respondent's response to the petition.

methamphetamine with intent to distribute. See Attachment 1, Respondent's Response to Petition (hereinafter "Response"). On October 28, 1997, Petitioner was sentenced to a life term plus a concurrent term of 360 months. Id.

Petitioner appealed the conviction to the Ninth Circuit Court of Appeals. He claimed that there were no exigencies that justified the warrantless entry of his home, that his consent to the search was not voluntary, and that the district court erred in its determination of the quantity of drugs he imported and distributed. See United States v. Alaimalo, C.A. No. 97-10454 (9th Cir., Dec. 2, 1998). On December 2, 1998, the Ninth Circuit affirmed the judgment. Id.

On December 2, 1999, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Alaimalo v. United States, C.A. No. 99-00106 (9th Cir., Feb. 15, 2000). Petitioner claimed that "the failure of both his trial lawyer and his appellate lawyer to challenge the warrantless entry into his home as being without probable cause constituted ineffective assistance of counsel, in violation of the Sixth Amendment." Id. On February 15, 2000, the motion was denied. Id. Petitioner appealed the denial to the Ninth Circuit Court of Appeals. United States v. Alaimalo, 313 F.3d 1188 (9th Cir.2002). On December 20, 2002, the Ninth Circuit affirmed the District Court's denial. Id.

On May 12, 2004, Petitioner filed a motion for leave to file a second or successive § 2255 motion in the Ninth Circuit. See Alaimalo v. United States, C.A. No. 04-72369 (9th Cir., July 20, 2004). The motion was denied. Id.

On March 1, 2005, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence. Petitioner argues that his three convictions for importation pursuant to 21 U.S.C. § 952(a), and his sentences thereon, are constitutionally invalid in light of the Ninth Circuit's decision in United States v. Cabaccang, 332 F.3d 622 (9th Cir.2003).

Following a preliminary review of the petition, on April 7, 2005, the Court tentatively found it had subject matter jurisdiction over the petition, because it appeared the § 2241 petition qualified under the savings clause of § 2255 in that Petitioner may not have had an "unobstructed procedural shot" at presenting his claim. Respondent was directed to file an answer to the petition, and the Court granted the parties leave to address the issue of subject matter jurisdiction.

On July 6, 2005, Respondent filed a response to the petition in which Respondent contests this Court's jurisdiction over the subject matter in the petition.

On August 8, 2005, Petitioner filed a reply to Respondent's response.

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255. However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective. Petitioner first claims he is innocent of the crime. In United States v. Cabbacang, 332 F.3d 622, 637 (9th Cir.2003), the Ninth Circuit held that transport of drugs on a nonstop flight from California to Guam does not constitute importation. Here, Petitioner was convicted of importation within the meaning of 21 U.S.C. § 952(a) for having received an express mail package containing 200 grams of methamphetamine in Guam which had been shipped from California. See United States v. Alaimalo, 313 F.3d 1188 (9th Cir.2002). Thus, Petitioner is legally innocent of importation.

Next, Petitioner argues he has never had an unobstructed procedural shot at presenting this claim because Cabbacang was decided on June 6, 2003, and Petitioner's first § 2255 motion had been denied by the District Court over three years earlier on February 15, 2000. The Court tentatively found jurisdiction based on Petitioner's showing; however, Respondent has submitted additional arguments and evidence which demonstrates that Petitioner did in fact have several unobstructed

procedural opportunities to present his claim.

Respondent submits that while Cabbacang was not decided until after Petitioner's § 2255 motion had been denied, the basis for such a challenge was readily available well before the § 2255 motion was initially filed. Respondent's argument is persuasive. In United States v. Ramirez-Ferrer, 82 F.3d 1131 (1st Cir.1996) (en banc), the First Circuit held in 1996 - one year before Petitioner was sentenced - that a defendant's conduct in transporting drugs from one location within the United States to another, despite traveling over international waters, did not constitute "importation" within the meaning of 21 U.S.C. § 952(a). Petitioner was convicted and sentenced under the same section, and the basis for his challenge was the same. While it is true the Ninth Circuit had twice previously held to the contrary, the issue was available and could have been raised to the district court and on appeal. Petitioner's argument that raising the issue would have been futile does not excuse his failure to do so. See Engle v. Isaac, 456 U.S. 107, 130, n.35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time."). The defendants in Cabbacang, for instance, raised the issue in a brief filed on December 20, 1999, which was during the pendency of Petitioner's first § 2255 motion. See Attachment 3, Response. Petitioner could have included the claim at any time prior to the denial of the § 2255 motion on February 15, 2000. In addition, he could have included the claim on appeal to the Ninth Circuit. As pointed out by Respondent, Petitioner was represented on appeal by the same attorney, Sarah Courageous, who represented Roy Toves Cabbacang in United States v. Cabbacang, 332 F.3d 622, 637 (9th Cir.2003), which was the very same case that ultimately led to the Ninth Circuit's redefining "importation" in 21 U.S.C. § 952(a). As noted above, the opening brief in Cabbacang was filed on December 20, 1999; the opening brief in Petitioner's own § 2255 appeal was filed on April 27, 2001. See Attachment 4, Response. Nothing prevented Petitioner's attorney from also raising the claim in his appeal. The claim certainly was available, and as demonstrated by Cabbacang, would have been successful. Even if Petitioner had not raised the challenge in the district court, he could have raised it for the first time on appeal and been successful. The defendants in Cabbacang did so and were successful.

Therefore, it is clear Petitioner has not demonstrated that § 2255 provides an "inadequate or

ineffective" remedy. The basis for Petitioner's claim was available prior to his first § 2255 motion, and Petitioner had multiple unobstructed opportunities to present it to the district court and to the Ninth Circuit. The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 6, 2005**              /s/ Sandra M. Snyder
icido3                            UNITED STATES MAGISTRATE JUDGE